**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Crystal Wilson, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   16 C 5674 |
| LVNV Funding, LLC, a Delaware limited liability company and Valentine & Kebartas, Inc., a Massachusetts corporation, | ) ) ) ) ) ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Crystal Wilson, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) many of the acts and transactions occurred here; and, b) Defendants reside and transact business here.

**PARTIES**

3. Plaintiff, Crystal Wilson ("Wilson"), is a citizen of the State of Pennsylvania, from whom Defendants attempted to collect a delinquent consumer debt that she allegedly owed for a Credit One Bank credit card, despite the fact that she had exercised her rights, pursuant to the FDCPA, to refuse to pay the debt and to be represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for

Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, LVNV Funding, LLC ("LVNV"), is a Delaware corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. LVNV operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant LVNV was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant, Valentine & Kebartas, Inc. ("Valentine"), is a Massachusetts corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Valentine operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Valentine was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

6. Defendant LVNV is a bad debt buyer that buys portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies.

7. Defendant LVNV is authorized to conduct business in Illinois, while Defendant Valentine was authorized to conduct business here when the events at issue took place. Moreover, Defendant LVNV maintains a registered agent here, while

Defendant Valentine maintained a registered agent here at the time the events at issue took place, see, records from the Illinois Secretary of State, attached as Group Exhibit A. In fact, Defendants LVNV and Valentine conduct extensive business in Illinois.

8.  Moreover, Defendants LVNV and Valentine are licensed as collection agencies in Illinois, see, records from the Illinois Division of Professional Regulation, attached as Group Exhibit B. In fact, Defendants LVNV and Valentine act as debt collection agencies in Illinois.

## FACTUAL ALLEGATIONS

9.  Ms. Wilson is a senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she allegedly owed for a Credit One Bank credit card. At some point in time after that debt became delinquent, Defendant LVNV allegedly bought/obtained Ms. Wilson's Credit One Bank debt, and when Defendants began trying to collect it from her, she sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program regarding Defendants' collection actions.

10. Specifically, Defendants demanded payment of the Credit One Bank debt from Ms. Wilson by sending her letters, dated September 18, 2015 and December 2, 2015. Copies of these letters are attached as Group Exhibit C.

11. Accordingly, on December 7, 2015, one of Ms. Wilson's legal aid attorneys at LASPD informed Defendants that Ms. Wilson was represented by counsel, and directed Defendants to cease contacting her, and to cease all further collection activities because Ms. Wilson was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit D.

12. Nonetheless, Defendants sent Ms. Wilson a collection letter, dated

January 6, 2016, demanding payment of the Credit One Bank debt. A copy of this letter is attached as Exhibit E.

13. Accordingly, on May 22, 2016, one of Ms. Wilson's LASPD attorneys had to write to Defendants to demand, yet again that they cease communications and collection of the debt. Copies of this letter and fax confirmation are attached as Exhibit F.

14. This greatly alarmed, distressed and confused Ms. Wilson because she had turned this matter over to counsel and because she had invoked her right to refuse to pay this debt.

15. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

16. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

17. Plaintiff adopts and realleges ¶¶ 1-16.

18. Section 1692c(c) of the FDCPA prohibits debt collectors from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

19. Here, the letter from Ms. Wilson's agent/attorney, LASPD, told Defendants to cease communications and cease collections (Exhibit D). By continuing to

4

communicate regarding this debt and demanding payment (Exhibit E), Defendants violated § 1692 c(c) of the FDCPA.

20. Defendants' violation of § 1692c(c) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
## Violation Of § 1692c(a)(2) Of The FDCPA --
## Communicating With A Consumer Represented By Counsel

21. Plaintiff adopts and realleges ¶¶ 1-16.

22. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

23. Defendants knew, or readily could have known, that Ms. Wilson was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendants, in writing, that Ms. Wilson was represented by counsel, and had directed a cessation of communications with Ms. Wilson (Exhibit D). By directly sending her the January 6, 2016 collection letter (Exhibit E), after being told that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

24. Defendants' violation of § 1692c(a)(2) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Crystal Wilson, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Wilson, and against Defendants LVNV and Valentine, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Crystal Wilson, demands trial by jury.

        Crystal Wilson,

        By: /s/ David J. Philipps___
        One of Plaintiff's Attorneys

Dated: May 27, 2016

David J. Philipps   (Ill. Bar No. 06196285)
Mary E. Philipps   (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com